THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:25-cr-00092-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> FELICIANO ISMAEL VASQUEZ-YAX, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court upon the Defendant's Appeal of Order of Detention [Doc. 14].

## I. BACKGROUND

On November 13, 2025, the Defendant was charged by way of a Criminal Complaint with possessing a firearm as an illegal alien, in violation of 18 U.S.C. § 922(g)(5). [See Case No. 1:25-mj-00040-WCM, Doc. 1 at 1]. On November 21, 2025, the Defendant was arrested in the Northern District of Georgia. On December 2, 2025, the Defendant was charged in a Bill of Indictment with one count of violating 18 U.S.C. § 922(g)(5). [Case No. 1:25-cr-00092-MR-WCM, Doc. 5]. On December 2, 2025, the Criminal Complaint

against the Defendant was terminated, and Case No. 1:25-mj-00040-WCM was closed.[1]

On December 29, 2025, the Defendant made his initial appearance before the Honorable W. Carleton Metcalf, United States Magistrate Judge, at which time the Government moved for detention. A detention hearing was held on January 5, 2026. At that hearing, the Government presented the Pretrial Services Report, which details that the Defendant was born in Guatemala; that he most recently resided in Morganton, North Carolina; that he has a nineteen-year-old daughter who also resides in Morganton, North Carolina; and that he was arrested in December of 2024 for a domestic violence charge. [Doc. 9 at 1-2].

After considering the evidence and hearing the arguments of counsel, the Magistrate Judge found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required and therefore ordered that the Defendant be detained. [Doc. 12]. The Defendant now appeals that Order. [Doc. 14].

---

[1] Per this District's usual practice, the Criminal Complaint was docketed as the first entry in Case No. 1:25-cr-00092-MR-WCM, even though the Bill of Indictment [Doc. 5] has become the operative charging document.

## II. STANDARD OF REVIEW

Section 3145 of Title 18 of the United States Code governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam). In so doing, the Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. DISCUSSION

If the Court finds, after holding a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Turning to the first factor, the nature and circumstances of the offense do not warrant detention. First, a violation of 18 U.S.C. § 922(g)(5) likely does not constitute a "crime of violence" under the Bail Reform Act. See 18 U.S.C. § 3156(a)(4)(B) (defining a "crime of violence" as an "offense that is

4

a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"); United States v. Ingle, 454 F.3d 1082, 1085-86 (10th Cir. 2006) (stating that a majority of Circuit courts have determined that § 922(g)(1) is not a crime of violence under the Bail Reform Act); United States v. Clark, No. 1:13-cr-332-1, 2014 WL 791856, at *2 n.3 (M.D.N.C. Feb. 25, 2014) ("It thus seems highly unlikely that, in this Circuit, [§] 922(g)(1) would qualify as a 'crime of violence' under [§] 3156(a)(4)."). Second, the Defendant's underlying conduct does not trigger a presumption of detention under the requirements of 18 U.S.C. § 3142(e)(2)-(3). Third, the Government alleges that the Defendant only possessed firearms; it does not allege that he engaged in violent or threatening conduct. [See Doc. 5 at 1]. Thus, this factor does not weigh in favor of detention.

Turning to the second factor, the evidence against the Defendant appears to be strong. The Defendant freely admitted to purchasing the handguns at issue and to not currently having legal immigration status in the United States. [See Doc. 1-1 at ¶¶ 5, 9]. Thus, this factor weighs in favor of detention.

As for the Defendant's history and characteristics, the Pretrial Services Report indicates that the Defendant does not have a significant criminal

history. [Doc. 9 at 2]. As previously noted, the Defendant was arrested in December 2024 on a charge of domestic violence, but he has not been convicted of this crime. [Id.]. Additionally, the Defendant has filed a number of letters of support that claim he has strong ties to the community and a history of stable employment. [Doc. 15-3 at 1-15]. Thus, on balance, the Defendant's history and characteristics do not warrant detention.

Finally, the Court considers the nature and seriousness of the danger to the community in the event that the Defendant is released. The Defendant's criminal history consists of only the domestic violence charge, and no criminal convictions. [See Doc. 9 at 2]. Further, the Defendant's alleged conduct underlying the present charge involved no violence or threat of violence. [See Doc. 1-1 at 1-4]. On the facts before the Court, the Defendant does not appear to present a threat of danger to the community. Thus, this factor does not weigh in favor of detention.

The Government primarily contends that the Defendant presents a risk of flight. [Doc. 16 at 3]. It bases this claim on two arguments. First, the Government argues that the Defendant has been offered—and has at least preliminarily accepted—a financial incentive to self-deport. [Id. at 5]. The Government therefore argues that the Defendant has a powerful motivation to self-deport and not appear at trial if he is not detained. [Id.]. Second, the

6

Government argues that the Defendant is subject to an ICE detainer and therefore ICE may deport him or remove him to another jurisdiction before the trial of this matter can be conducted. [Id.].

"[T]he Bail Reform Act considers flight as an act of volition; non-appearance caused by the action of another entity—including a different government agency—does not suggest that the accused chose to flee and not appear in court." United States v. Mejias-Mejias, 771 F. Supp. 3d 688, 692 (D. Md. 2025). Thus, an "immigration detainer cannot support the categorical denial of bail." United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) (per curiam). However, the potential of a forced removal remains relevant to the determination of flight risk "to the extent that the potential removal provides incentive to an individual able to flee." Mejias-Mejias, 771 F. Supp. 3d at 692.

Here, the Defendant's prior acceptance of the Government's offer to self-deport demonstrates that he is willing to flee the country. Further, the charges brought in this case, plus the threat of involuntary removal, provide the Defendant with a strong incentive to flee. Because the Defendant appears to be both willing and incentivized to flee the country, the Court agrees with the Magistrate Judge that the Defendant is a flight risk. Thus,

7

Case 1:25-cr-00092-MR-WCM    Document 26    Filed 02/09/26    Page 7 of 9

the Government has established by a preponderance of the evidence[2] that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

Thus, upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings, and concludes that the Government has met its burden of showing that the Defendant presents a danger to the community or a risk of flight.

Having conducted an independent review of the transcript of the detention hearing and the Magistrate Judge's Order of Detention, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge's Order should be affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of Order of Detention [Doc. 14] is **DENIED**, and the Order of Detention [Doc. 12] is hereby **AFFIRMED**.

---

[2] The Defendant argues that risk of flight must be established by clear and convincing evidence rather than a preponderance of the evidence. [Doc. 15 at 4]. But Fourth Circuit precedent forecloses this argument. See United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) ("With regard to the risk of flight as a basis for detention, the government must prove *by a preponderance of the evidence* that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." (emphasis added)).

**IT IS SO ORDERED.**

Signed: February 6, 2026

Martin Reidinger
Chief United States District Judge