# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:25-cr-00092-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| FELICIANO ISMAEL VASQUEZ-YAX, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 17].

## I.    PROCEDURAL BACKGROUND

On November 13, 2025, the Defendant was charged by way of a Criminal Complaint with possessing a firearm as an illegal alien, in violation of 18 U.S.C. § 922(g)(5).  [See Case No. 1:25-mj-00040-WCM, Doc. 1 at 1]. On November 21, 2025, the Defendant was arrested in the Northern District of Georgia.  On December 2, 2025, the Defendant was charged in a Bill of Indictment with one count of violating § 922(g)(5).  [Case No. 1:25-cr-00092-MR-WCM, Doc. 5].  On December 2, 2025, the Criminal Complaint against

the Defendant was terminated, and Case No. 1:25-mj-00040-WCM was closed.[1]

On December 29, 2025, the Defendant made his initial appearance before the Honorable W. Carleton Metcalf, United States Magistrate Judge, at which time the Government moved for detention. A detention hearing was held on January 5, 2026, and the Magistrate Judge ordered the Defendant detained. [Doc. 12]. On January 20, 2026, the Defendant appealed the Detention Order to this Court. [Doc. 14]. The Court affirmed the Detention Order on February 9, 2026. [Doc. 26].

On January 27, 2026, the Defendant filed a Motion to Dismiss the Bill of Indictment arguing that § 922(g)(5) violates the Second Amendment to the U.S. Constitution. [Doc. 17]. The Government requested an extension of time to file a response to the Motion to Dismiss, and that request was granted. [Docs. 22, 24]. On March 12, 2026, the Government filed its Response. [Doc. 31]. This matter is now ripe for disposition.

## II.    DISCUSSION

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and

---

[1] Per this District's usual practice, the Criminal Complaint was docketed as the first entry in Case No. 1:25-cr-00092-MR-WCM, even though the Bill of Indictment [Doc. 5] has become the operative charging document.

bear Arms, shall not be infringed." U.S. Const. amend. II. Section 922(g)(5) reads, in relevant part: "It shall be unlawful for any person . . . who [is] an alien . . . illegally or unlawfully in the United States . . . [to] possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(5).

The Defendant argues that the indictment should be dismissed because § 922(g)(5) infringes on his right to keep and bear arms, a right codified in the Second Amendment to the U.S. Constitution. [Doc. 18 at 1-2]. He claims that under New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), the Government cannot meet its burden to prove that § 922(g)(5) fits into our nation's historical tradition of firearm regulation. [Doc. 18 at 2].

In Bruen, the Supreme Court "set forth a new framework under which courts must now analyze Second Amendment challenges." United States v. Price, 111 F.4th 392, 398 (4th Cir. 2024) (en banc). First, the court asks "whether the Second Amendment's plain text covers the conduct at issue." Id. Second, the court asks "whether the Government has justified the regulation as consistent with the principles that underpin our nation's historical tradition of firearm regulation." Id. (internal quotation marks omitted).

The Fourth Circuit has addressed § 922(g)(5)'s compatibility with the Second Amendment. In United States v. Carpio-Leon, 701 F.3d 974 (4th Cir. 2012), the court held that "the Second Amendment right to bear arms does not extend to illegal aliens." Id. at 982 (emphasis removed). This is because "illegal aliens do not belong to the class of law-abiding members of the political community to whom the Second Amendment gives protection." Id. at 979. While Carpio-Leon predated Bruen, the Fourth Circuit recently confirmed that the decision has survived the advent of the new framework. United States v. Murillo-Lopez, 151 F.4th 584, 591-92 (4th Cir. 2025) ("We thus conclude that Carpio-Leon's Second Amendment holding survives Bruen and [United States v. Rahimi, 602 U.S. 680 (2024)], and that we as a panel lack the power to depart from it.").

Under Carpio-Leon, Congress may deprive illegal aliens of their right to keep and bear arms without violating the Second Amendment. The Defendant does not challenge the Government's assertion that he is an illegal alien. [See Doc. 18 at 1-3]. Thus, § 922(g)(5) has been properly applied to the Defendant and the Second Amendment has not been infringed. Accordingly, the Court rejects the Defendant's challenge to § 922(g)(5), and the Motion to Dismiss is denied.

4

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 17] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 6, 2026

Martin Reidinger
Chief United States District Judge