# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:25-cr-00092-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| FELICIANO ISMAEL VASQUEZ-YAX, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 19]; The Magistrate Judge's Memorandum and Recommendation [Doc. 44] regarding the disposition of that Motion; and the Defendant's Objection to Report and Recommendation [Doc. 46].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the above-referenced motion and to submit recommendations for its disposition. On June 17, 2026, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Motion to Suppress [Doc. 19] be denied. [Doc. 44]. The parties were advised that any objections to the Memorandum and Recommendation were to be filed in writing within fourteen (14) days of

service.  [Id.].  The Defendant filed his Objections on June 30, 2026.  [Doc. 46].  The Government did not file a reply to the Defendant's Objections.

In the Memorandum and Recommendation, the Magistrate Judge noted that the only statement that the Defendant apparently made following his arrest was his response to Agent Peachey's call regarding access to the safe where the Third Firearm was located.  The Magistrate Judge reasoned that "[s]ince Defendant was not provided with Miranda warnings prior to making that statement, it would be subject to suppression."  [Doc. 44 at 22 n.6].  However, because it was "not clear that the Government intends to use that statement," the Magistrate Judgment did not recommend suppression of such statement.  [Id.].

The Defendant asserts that the Magistrate Judge correctly determined that this post-arrest statement would be subject to suppression and therefore argues that, at a minimum, the Motion to Suppress should be granted in part with respect to this statement.  The Court agrees, and therefore, the Defendant's Motion will be granted with respect to his post-arrest statement to Agent Peachey.[1]

---

[1] It does not appear that the Defendant's post-arrest statement was a subject of the Defendant's suppression motion.  [See Doc. 20 at 9].  However, it also does not appear that the Government contends that the post-arrest statement would be admissible. Therefore, in the interest of clarity, the Court will grant the Defendant's motion as it pertains to this one statement.

2

After a careful review of the remainder of the Magistrate Judge's Memorandum and Recommendation, the Court concludes that the Magistrate Judge's other proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court sustains the Defendant's Objection in part and accepts the Magistrate Judge's Memorandum and Recommendation only in part. The Defendant's Motion to Suppress is therefore granted with respect to the Defendant's post-arrest statement to Agent Peachey. In all other respects, the Motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objection [Doc. 46] is **SUSTAINED IN PART** and **OVERRULED IN PART**; the Magistrate Judge's Memorandum and Recommendation [Doc. 44] is **ACCEPTED IN PART** and **REJECTED IN PART** as stated herein; and the Defendant's Motion to Suppress [Doc. 19] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Suppress is granted with respect to the Defendant's post-arrest statement to Agent Peachey. In all other respects, the Motion is denied.

**IT IS SO ORDERED.** Signed: August 6, 2026

Martin Reidinger
Chief United States District Judge